

N O T   F O R   P U B L I C A T I O N

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION



FILED

NOV - 8 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-90165-A-7 |
| SUSAN McGRATH, | |
| Debtor. | |
| ———————————————— | |
| LAWRENCE G. GRAY, Chapter 7 Trustee, | Adv. No. 07-9002 |
| | Docket Control No. CA-1 |
| Plaintiff, | |
| vs. | |
| FRANK ASSALI, et al., | Date: November 5, 2007 |
| | Time: 3:00 p.m. |
| Defendants. | |
| ———————————————— | |

**MEMORANDUM**

Susan McGrath filed a chapter 7 petition on January 28, 2005.  Lawrence Gray became her interim chapter 7 trustee that same day and, when no party in interest sought to elect a different trustee at the meeting of creditors, Mr. Gray became the chapter 7 trustee.  See 11 U.S.C. §§ 701, 702(d).

Mr. Gray filed this adversary proceeding on January 17, 2007.  His complaint seeks to avoid certain pre-petition preferential and fraudulent transfers as well as unauthorized

post-petition transfers.  The complaint acknowledges that the
debtor is the former spouse of Patrick McGrath, but also asserts
that the spouses owned distinct interests in the transferred
property.  The complaint alleges in particular that Ms. McGrath
alone owned a 12.75% interest in Central Valley Agricultural
Properties, a limited liability company, a 12.75% interest in
California Grown Nut Company, a corporation, a 12.75% interest in
Assali Farms Hulling and Shelling, Inc., a corporation, and a 25%
interest in Pinochle Farms, a limited liability company.  Mr.
McGrath held identical but distinct interests in these entities.
It is the alleged transfer of Ms. McGrath's (but not Mr.
McGrath's) interests to the defendants that the plaintiff seeks
to avoid.

Mr. McGrath filed an earlier bankruptcy petition under
chapter 11 on August 31, 2004.  On May 13, 2005, his case was
converted to one under chapter 7.  That same day, Michael
McGranahan was initially appointed as his chapter 7 trustee.
However, after Mr. McGranahan rejected his appointment, Michael
Burkart was appointed as the successor chapter 7 trustee on May
19.  Mr. McGrath's case has not been closed.

The defendants, Frank Assali, Marie Assali, Michael Staack,
Assali Hulling & Shelling, Inc., California Grown Nut Company,
Central Valley Agricultural Properties, LLC, and Assali Farm
Properties, LP, answered the complaint.  Their answer did not
assert that Ms. McGrath's interests were community property, that
her bankruptcy trustee did not have standing to recover any
avoidable transfers of community property, that Mr. McGrath's
trustee was the real party in interest, or that the complaint was

-2-

1  time barred pursuant to 11 U.S.C. § 546(a).

2      The parties have now completed all discovery, the time for

3  filing dispositive motions has expired, and the complaint is set

4  for trial beginning on November 28.  Notwithstanding the late

5  hour, the defendants wish to amend their answer to assert that

6  the plaintiff is not the real party in interest because he is

7  pursuing claims that are based on the transfer of community

8  property belonging to Mr. McGrath and Ms. McGrath.  Because Mr.

9  McGrath's petition was filed first in time, 11 U.S.C. § 541(a)(2)

10 (providing that 100% of all community property is administered in

11 a bankruptcy filed by one spouse) dictates that all of the

12 spouses' community property be administered in Mr. McGrath's

13 case.  That is, Mr. McGrath's trustee is the proper plaintiff.

14     If the court permits the answer to be amended, and if Mr.

15 McGrath's trustee either seeks to intervene as a plaintiff or

16 files his own adversary proceeding to avoid the transfers of

17 alleged community property, another issue will then present

18 itself.

19     Section 546(a) provides:

20     (a) An action or proceeding under section 544, 545,
       547, 548, or 553 of this title may not be commenced
21     after the earlier of – (1) the later of – (A) 2 years
       after the entry of the order for relief; or (B) 1 year
22     after the appointment or election of the first trustee
       under section 702, 1104, 1163, 1202, or 1302 of this
23     title if such appointment or such election occurs
       before the expiration of the period specified in
24     subparagraph (A); or (2) the time the case is closed or
       dismissed.
25
26     If the claims in the complaint must be administered only in

27 Mr. McGrath's case, the time limitation prescribed by section

28 546(a) expired on August 31, 2006.  This date is the later of two

                               -3-

years after the order for relief (August 31, 2006) or one year after the appointment of the first trustee in Mr. McGrath's case (May 13, 2005). Even if it is assumed that the filing of this adversary proceeding by Mr. Gray tolled the statute, it was not filed until January 17, 2007, after the limitation period arguably expired.

Fed. R. Civ. P. 15(a), as incorporated by Fed. R. Bankr. P. 7015, provides that leave to amend "shall be freely given when justice so requires." Absent undue delay, bad faith, dilatory motive, or prejudice to the opposing party, a presumption exists in favor of granting leave to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

The court will not grant the defendants leave to amend their answer to challenge the standing of the plaintiff.

The court issued a pretrial scheduling order in this case. Deadlines were set for discovery, dispositive motions, and the amendment of pleadings. All of these deadlines have expired. The court will not modify this schedule by granting this motion absent a showing of good cause by the defendants. <u>See</u> Fed. R. Civ. P. 16(b); <u>Zivkovic v. So. Calif. Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002). They have not made this showing because they have not exercised diligence in presenting this putative defense. <u>See</u> <u>S & W Enterprises, LLC v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d 533, 535-36 (5th Cir. 2003).

To the extent the two bankruptcy petitions create an issue, it should have been immediately obvious to the defendants. This is clear for several reasons.

First, even before their answer was filed, the defendants

-4-

knew that Mr. McGrath had filed an earlier bankruptcy petition
and that it had been converted to chapter 7.[1]

Second, Mr. McGrath's schedules identify Ms. McGrath as his
wife, Schedule B identifies interests in each of the above
entities as community property, and the statement of financial
affairs discloses a pending marital dissolution action between
the two spouses.[2]

Third, in Ms. McGrath's chapter 7 case, she identified Mr.
McGrath's bankruptcy case as related to her own, Schedules A, B
and F identify Mr. McGrath as her husband, Schedule B indicates
that she owns a 50% interest in Pinochle Farms "with husband,
Patrick McGrath,"[3] and her statement of financial affairs also
refers to the pending marital dissolution action.[4]

In short, the marital status of Mr. and Ms. McGrath, as well
as their possible community property interest in the various
entities at issue in this proceeding, has been obvious from the
day this proceeding was commenced.  If there was a problem, it
should have been raised immediately.

---

[1]    The court takes judicial notice of the complaints, Adv.
Nos. 05-2346 and 05-2358, filed on December 3, 2004 in Mr.
McGrath's bankruptcy case.  In these complaints, the defendants
seek to except debts from Mr. McGrath's bankruptcy discharge.

[2]    The court takes judicial notice of the schedules and
statements filed on October 19, 2004 in Case No. 04-93360/05-
31823 [the case number was changed when intra-district venue in
Mr. McGrath's case was transferred to the Sacramento Division].

[3]    Ms. McGrath's schedules and statements, unlike Mr.
McGrath's, do not characterize her interests in the above-named
entities as community or separate property.

[4]    The court takes judicial notice of the schedules and
statements filed on January 28, 2005 in Case No. 05-90165.

-5-

The defendants filed this motion within one month of trial and after the completion of discovery.  If the motion were granted, the court would be compelled to vacate the trial date so that the plaintiff could undertake discovery to determine whether Ms. McGrath's interests were community or separate property.  The court will not subject the plaintiff to this delay in a case where the defendants have failed to act seasonably.  Cf. Kaplan v. Temple-Inland Forest Prods. Corp., 49 F.3d 1363, 1370 (9th Cir. 1994) (analyzing issue under Fed. R. Civ. P. 15); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (analyzing issue under Fed. R. Civ. P. 16).

Nonetheless, if this rose to the level of a jurisdictional defect, as argued by the defendants, the court would be required to either raise the issue itself or allow the defendants to raise the defense despite the late hour.  See U.S. v. Viltrakis, 108 F.3d 1159, 1160 (9th Cir. 1997).  However, there is no jurisdictional defect in this case.

To establish standing under the case or controversy clause of Article III of the United States Constitution, a plaintiff (1) must have suffered some actual or threatened injury due to alleged illegal conduct; (2) the injury must be fairly traceable to the challenged action; and (3) there must be a substantial likelihood that the relief requested will redress or prevent plaintiff's injury.  U.S.C.A. Const. Art. 3, § 1; Allen v. Wright, 468 U.S. 737, 751 (1984).

The defendants assert that there is no case or controversy because the plaintiff has no standing to pursue community property that "belongs" to the Mr. McGrath bankruptcy estate.

-6-

However, assuming the McGraths owned interests in the entities before their petitions were filed, Ms. McGrath owned interests in those entities, whether her interests were separate or community property.  This did not change because Mr. McGrath happened to file a bankruptcy petition before Ms. McGrath filed one.  Assuming her interests in the entities were community property, the earlier petition by Mr. McGrath meant only that his trustee could administer all of the McGraths' community property. Despite this, Ms. McGrath, her creditors, and her trustee continued to have interests in the entities.  See 11 U.S.C. § 726(c).

If the interests in the entities were transferred to the defendants in the circumstances alleged in the complaint, Ms. McGrath and/or her creditors were injured by the depletion of her assets.  The defendants, as creditors of the McGraths, were able to satisfy their claims to the exclusion of other unsecured creditors of the McGraths.

And, if the complaint has merit, there is a substantial likelihood that the requested relief will redress this injury. It will make the transferred property available to all creditors rather than a select few.

If there is a standing issue in this case, it implicates only the prudential requirements of standing.  The prudential requirements of standing are: (1) the litigant must assert his own legal interests and not those of third parties, also known as the :real party in interest" requirement; (2) the litigant must assert an injury peculiar to himself or to a distinct group of which he is a part; and (3) the interest of the litigant must be within the "zone of

-7-

interests" to be protected by the statute under which his claim
arises.  Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99-
100 (1979).

Here, the issue being raised by the defendants is whether
the plaintiff is the real party in interest.

The plaintiff is a representative of the creditors of Ms.
McGrath's bankruptcy estate.  If his administration of the estate
produces sufficient assets to pay all of these creditors' claims,
any surplus will be returned to Ms. McGrath.  See 11 U.S.C. §
726(a)(6).  If the recovery is community property, then the
McGraths' community creditors will benefit also and Mr. McGrath
may benefit.  See 11 U.S.C. § 726(a)(6) and (c).

One of the principal duties of a trustee is to liquidate
property of the estate for the benefit of creditors and the
debtor.  See 11 U.S.C. § 704(1).  In doing this, the plaintiff is
exercising rights given to a trustee to avoid certain types of
pre-petition and post-petition transfers.  See 11 U.S.C. §§ 544,
547, 548, 550.

Assuming the McGraths' interests in the entities are their
community property, arguably the plaintiff is asserting the
rights of the other trustee, not his own.  But, as noted above,
Ms. McGrath and her creditors had, and continue to have,
interests in the entities, regardless of which trustee has the
paramount right to collect that property for the benefit of the
McGraths' creditors.  This is merely an issue as to which the
trustee has the primary right of administration.  Both estates
have interests in the property at issue if it is community
property.

-8-

This implicates only the prudential requirement that the plaintiff be a real party in interest.  Unlike the constitutional standing requirement, which cannot be waived by failing to assert it in the answer, failing to plead that the plaintiff is not a real party in interest waives the defense.  <u>See</u> <u>Pershing Park Villas Homeowner's Ass'n. v. United Pacific Ins. Co.</u>, 219 F.3d 895, 900 (9th Cir. 2000).[5]

The court is also unpersuaded that if the motion is not granted, then the defendants will be subject to duplicative claims by each trustee.  Should Mr. McGrath's trustee seek to avoid the transfers, the defendants have already made known their intent to assert that those claims are time-barred.  <u>See</u> 11 U.S.C. § 546(a).

For these reasons the motion will be denied.  A separate order will issue.

Dated: 8 Nov. 2007

                                        By the Court

                                        _____
                                        Michael S. McManus, Chief Judge
                                        United States Bankruptcy Court

---

[5]     Although not presented by this motion, the court further notes that a statute of limitations defense under section 546(a) is also not a jurisdictional defense.  Thus, the failure to assert the statute as a defense operates as a waiver of that defense.  <u>See</u> <u>IBT Int'l, Inc. v. Northern (In re Int'l Admin Servs., Inc.)</u>, 408 F.3d 689, 699 (11th Cir. 2005); <u>McFarland v. Leyh (In re Texas Gen. Petroleum Corp.)</u>, 52 F.3d 1330 (5th Cir. 1995).

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Iain MacDonald
914 13th St
Modesto, CA 95354

Michael Ijams
1300 K St 2nd Fl
PO Box 3030
Modesto, CA 95353

Lawrence Gray
4719 Quail Lakes Dr #G
PMB #255
Stockton, CA 95207

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: November 8, 2007

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus